**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aradia Correnti, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00708 |
| Capital One Financial Corporation, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Plaintiff, Aradia Correnti ("Plaintiff"), and Defendant, Capital One Financial Corporation ("Defendant"), in the above-captioned action (the "Action") hereby stipulate to the entry of the following protective order:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Action and mediation is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted.  Accordingly, the Plaintiff and Defendant (each a "Party," and together, the "Parties") hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2.    DEFINITIONS

2.1    Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that contain confidential and non-public financial, strategic, or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.3    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action or in connection with mediation of the Action.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action or in connection with mediation of the Action.

2.7    <u>In-House Counsel</u>:  litigation attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.10    <u>Party</u>:  any party to this Action, including all of its officers, directors, and employees.

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action or in connection with mediation of the Action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Privacy Information</u>:  any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or

"Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, including without limitation the General Data Protection Regulation (EU) 2016/679 (the "GDPR"), or any information that a party or non-party believes in good faith to be subject to non-US data protection laws, regardless of whether such information has been designated as "CONFIDENTIAL" (collectively "Privacy Information").

    2.14   <u>Protected Material</u>:

      (a)   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL";

      (b)   any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Material constitutes highly sensitive materials requiring special protection, including, but not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA), 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (financial information); Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communication); Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information); and the California Consumer Privacy Act (CCPA).

    2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    3.     <u>SCOPE</u>

The protections conferred by this Order cover Protected Material produced in discovery in the Action or in connection with mediation of the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After Final Disposition, all Protected Material shall be maintained and/ or destroyed pursuant to normal business practice and/or local Data Protection Laws. This Court will

retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under this Order.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material or, in the case of native file production, in conformity with the Stipulation and Order Regarding Production of Documents and Information.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages

6

thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each document or page of a document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "CONFIDENTIAL" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL."  Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c)      <u>for information produced in some form other than documentary</u> <u>form and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable period of time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. A Receiving Party must challenge a designation of confidentiality within a reasonable period of time after such designation is made by the Designating Party.

6.2    <u>Meet and Confer</u>. In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone)

within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

   6.3 Judicial Intervention with Respect to Confidentiality Designations.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection within 21 days of the Designating Party's response described in Section 6.2 above.

   The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

   While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

   7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15 below.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

10

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     witnesses offering testimony in the Action;

(g)     mediators in the Action;

(h)     the author or recipient of a document containing the information;

(i)     and any other individuals with the written consent of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A).

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

       (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

       If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

       Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

       9.      APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES

       9.1    Order Applicable to Non-Parties.  The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

       9.2    Service of Order with Non-Party Discovery Request.  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9.3   <u>Request to a Party Seeking Non-Party Confidential Information</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   <u>FILING OF PROTECTED MATERIAL</u>

In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in this Action, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Local Rules as follows:

(a) if the Protected Material has been designated as "CONFIDENTIAL" by the Party filing the Protected Material, then the Party should follow the requirements of [Insert Local Rule if applicable]   ;

(b) if the Protected material has been designated as "CONFIDENTIAL" by another Party (other than the Party wishing to file the material), then the Party filing the material should follow the requirements of the Local Rules of the Southern District of New York and the Local Rules of the Honorable Paul A. Engelmayer.

The sealed material shall plainly state on the first page of any bound or stapled document "CONTAINS CONFIDENTIAL MATERIAL PURSUANT TO PROTECTIVE ORDER—FILED UNDER SEAL" and shall be filed only in sealed envelopes which shall be endorsed with the appropriate caption and a statement in the following form: "CONFIDENTIAL – THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION. THIS ENVELOPE SHALL NEITHER BE OPENED NOR THE CONTENTS REVEALED FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES EXCEPT BY ORDER OF THE COURT."

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    NOTIFICATION IN THE EVENT OF A SECURITY BREACH OR UNAUTHORIZED ACCESS TO PRODUCED MATERIAL

If the Receiving Party discovers any breach of security, including any actual or suspected unauthorized access, relating to materials produced, the Receiving Party shall:

(a)    promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the discovery of the breach;

(b)    investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances that such breach shall not recur;

(c)    provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident; and

(d)     the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

13.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1   No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged (bank secrecy information or bank examination information) or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege, including but not limited to attorney-client, bank examination or bank secrecy act privilege, or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13.2   Notification Requirements; Best Efforts of Receiving Party.  A Disclosing Party must promptly notify the Party receiving the Privileged Information ("the Receiving Party"), in writing, that it has disclosed the Privileged Information without intending a waiver by the disclosure.  Upon such notification, the Receiving Party must – unless it contests the claim of privilege or work product protection in accordance with

paragraph 13.3 – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

      13.3  <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of privilege or work product protection, the Receiving Party must – within five business days of receipt of the notice of disclosure – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

      13.4  <u>Stipulated Time Periods</u>. The Parties may stipulate to extend the time periods set forth in paragraphs 13.2 and 13.3.

      13.5  <u>Attorney's Ethical Responsibilities</u>. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

13.6   Burden of Proving Privilege or Work-Product Protection. The Disclosing Party retains the burden – upon challenge pursuant to paragraph 13.3 – of establishing the privileged or protected nature of the Privileged Information.

13.7   *In camera* Review.  Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

13.8   Voluntary and Subject Matter Waiver.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

13.9   Review.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

13.10 Proportionality.  Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13.11 Rule 502(b)(2).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

14.   MISCELLANEOUS

14.1   Right to Further Relief and Modification by the Court.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

14.2   Right to Assert Other Objections.  No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3   Right of a Party to Use Its Own Documents.  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

14.4   Right of a Party to Use Independently Obtained Documents. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.5   Sending Protected Materials:  Any document production that may contain Protected Material shall be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable.  If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.  When any Producing Party ships by U.S. Mail, Federal Express, UPS, or other courier delivery service, any

Discovery Material to others designated in this Order as authorized to receive Discovery

Material, the Producing Party will encrypt the electronic data and supply the password in

separate correspondence to the recipient.

14.6   Redaction of Privacy Information:  For any matter that any party

claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private

Data," or "Nonpublic Personal Information" as these terms are defined under federal,

state or foreign data protection laws, the party shall mark each thing where matter has

been redacted with a legend stating "REDACTED," and specify the basis for the

redaction (e.g., data privacy) as appropriate, or a comparable notice. The right to

challenge and the process for challenging redactions shall be the same as the right to

challenge and the process for challenging the confidentiality designations of Discovery

Material as set forth in Section 6.

15.    DATA SECURITY

15.1   Any person in possession of another Party's Protected Material

shall exercise the same care with regard to the storage, custody, or use of such

Protected Material as they would apply to their own material of the same or comparable

sensitivity, but no less than the reasonable precautions set forth in Section 15.2 below.

15.2   Receiving Parties must take reasonable precautions to protect

Protected Material from loss, misuse and unauthorized access, disclosure, alteration

and destruction.  Such measures shall include:

(a)      Reasonably preventing unauthorized persons from gaining access

to Protected Material (physical access control);

(b)     Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)     Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

(d)     Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

(e)     Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified, or removed from Protected Material processing systems, (entry control); and

(f)     Reasonably ensuring that the Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

16.     <u>FINAL DISPOSITION</u>

16.1   Within 60 days after the Final Disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

   16.2 This requirement to return or destroy Confidential Material/Documents also does not require a party or individual subject to this Order to produce or destroy any computer archival or backup tapes, archival or backup systems, archival or backup servers, archival or backup files, any information that is only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible. Such material shall continue to be treated as Confidential Information under this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  June 20 , 2024

By: _____

Max C. Bracero, Esq.
Phillips & Associates, PLLC
45 Broadway, Suite 430
New York, New York 10006
*Attorneys for Plaintiff*

Respectfully submitted,

By: _____

Joseph B. Cartalfalsa
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
599 Lexington Avenue, 17th Fl.
New York, New York 10022
*Counsel for Defendant*

**APPROVED AND SO ORDERED** this 24th day of June _____, 2024.

_____
JUDGE PAUL A. ENGELMAYER